Martin A. Bihn (014338)
Donna M. McDaniel (017366)
**BIHN & McDANIEL, P.L.C.**
2600 N. Central Ave, Suite 1775
Phoenix, Arizona  85004
Tel:    (602) 248 9779
Fax:   (602) 248 9749
Email:         MBihn@phxlegal.com
               Donna@phxlegal.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Candace Williams and Jonathan Linzy; | Case No. |
| Plaintiffs, | |
| vs. | **COMPLAINT** **AND** **JURY DEMAND** |
| Daniel Eller, Cody Skrarek, Perry Reed, Mike Rodgers, Isaac Borman; | |
| Defendants. | |

Plaintiffs, for their complaint against defendants alleges as follows:

**Parties, Venue & Jurisdiction**

1. Plaintiff Candace Williams ("Williams") is a resident of the City of Prescott, Arizona.

2. Plaintiff Jonathan Linzy ("Linzy") is a resident of the City of Prescott, Arizona.

3. Defendant Daniel Eller ("Eller") is a police officer with the Town of Prescott Valley.

4. Defendant Cody Skvarek ("Skvarek") is a police officer with the Town of Prescott Valley.

5. Defendant Perry Reed ("Reed") is a police officer with the City of Prescott.

6. Defendant Mike Rodgers ("Rodgers") is a police officer with the City of Prescott.

7. Defendant Isaac Borman ("Borman") is a police officer with the City of Prescott.

8. For the purposes of the 42 USC 1983 claims Eller, Skvarek, Reed, Rodgers and Borman are each sued in his individual capacity and is a "person" within the meaning of 42 U.S.C. 1983.

9. Each defendant was served with a Notice of Claim letter pursuant to ARS 12-821.01 when served with this complaint. Plaintiffs will seek leave to amend this complaint to add state law claims if the Notice of Claim letters are denied or after sixty days elapses from service of the Notice of Claim letters.

10. Defendants caused events to occur within Arizona out of which this matter arises.

11. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 USC § 1331.

**Common Factual Allegations**

12. On March 24, 2022 defendants Eller and Skvarek were investigating an aggravated assault that they understood had been committed days earlier by Reginald Spencer.

13. Eller and Skvarek surveilled Spencer's home from their vehicle a short distance from Spencer's home. Eller and Skvarek knew that Spencer lived with Candace Williams, her mother and nephew, Jonathan Linzy.

14. Eller and Skvarek saw Spencer get in the passenger seat of a car driven by Candace Williams. The car was owned by Williams' mother. Jonathan Linzy, Williams' 18 year old nephew was in the back seat.

15. Eller and Skvarek were immediately able to identify Spencer, Williams and Linzy from photographs before they drove away.

16. Eller and Skvarek knew that Williams and Linzy were not involved in any way in the assault committed by Spencer.

17. Eller and Skvarek called the Prescott Police Department and requested a traffic stop on the vehicle driven by Williams.

18. Prescott officers Reed, Rodgers and Borman responded to their dispatch call advising them that Prescott Police officers requested assistance to stopping a vehicle containing armed robbery suspect.

19. Approximately four miles from Williams' home, Officers Reed, Rodgers and Borman effectuated a high risk stop on the vehicle.

20. Spencer, Williams and Linzy were removed from the vehicle at gunpoint and handcuffed and made to sit on the curb.

21. Rodgers ran a NCIC/ACIC warrants check on all three and found no outstanding warrants.

22. Spencer was arrested.

23. Once Spencer was taken into custody the purpose of the traffic stop was completed.

24. At this point defendants had no legal or legitimate reason to continue to detain Williams and Linzy.

25. The United State Supreme Court, in *Rodriguez v. United States*, held that a police officer may not extend a lawful traffic stop to conduct an investigation unrelated to the original purpose of the traffic stop unless the officer has reasonable suspicion normally required to justify detaining an individual.

26. This has been the law since 2015.

27. As police officers, Eller, Skvarek, Reed, Rodgers and Borman should have been aware of the legal limits placed upon police investigations during traffic stops by *Rodriguez v. United States*.

28. Eller, Skvarek, Reed, Rodgers and Borman and no probable cause to believe that Williams or Linzy had committed any crime.

29. Eller, Skvarek, Reed, Rodgers and Borman and no reasonable suspicion that Williams or Linzy had committed any crime.

30. Nevertheless, Eller, Skvarek, Reed, Rodgers and Borman continued to detain Williams and Linzy in violation of their Constitutional rights.

31. Defendants then contacted a towing company and ordered the vehicle to be towed and impounded.

32. Eller and Skvarek then directed Reed, Rodgers and Borman to take Williams and Linzy into custody.

33. No probable cause existed to take Williams into custody.

34. No probable cause existed to take Linzy into custody.

4

35. Spencer, Williams and Linzy were taken to the Prescott police station and placed in holding cells.

36. Eller and Skvarek decided to hold Spencer, Williams, and Linzy in cells at the Prescott Police station while they served a search warrant on the home Spencer shared with Williams, Linzy and Williams' mother.

37. Three hours after the traffic stop Williams and Linzy were released.

38. Williams and Linzy had never been suspected of any crime and had been held at the station, according to Eller' official police report to: "insure [sic] scene security for the search warrant."

39. The law relating to search warrants and detentions is clearly established.

40. In *Michigan v. Summers*, 452 U.S. 692 (1981) the Supreme Court created a rule (which is an exception to the 4th Amendment) permitting officers executing a search warrant "to detain the occupants of the premises while a proper search is conducted."

41. In 2013 the US Supreme Court decided *Bailey v. US*, 586 U.S. 186 (2013), clarifying and limiting police officers' right to detain under *Summers* (when executing a search warrant) to persons in the immediate vicinity of the premises to be searched.

42. Defendants violated plaintiffs' 4th Amendment rights under *Summers* and *Bailey* in at least the following respects:

- Defendants detained Williams and Linzy before obtaining a search warrant;

- Defendants were not executing a search warrant when they detained Williams and Linzy; and

- Officers detained Williams and Linzy outside of the immediate vicinity of the premises to be searched;

5

43. Any reasonable police officer is aware of these Constitutional limitations.

44. Because the Constitutional law in this area is clearly established, none of the defendants is entitled to qualified immunity.

## COUNT I

42 USC § 1983 Claims

45. Plaintiffs reallege paragraphs 1 through 44 as if fully set forth herein.

46. At all material times Eller, Skvarek, Reed, Rodgers and Borman acted under color of state law.

47. Defendants Eller, Skvarek, Reed, Rodgers and Borman acted individually and/or in concert and/or set events in motion to deprive plaintiffs of their rights, privileges or immunities secured by US Constitution, including but not limited to the Fourth and Fourteenth Amendments.

48. Defendants Eller, Skvarek, Reed, Rodgers and Borman violated plaintiffs' civil rights when they continued to detain plaintiffs (after Spencer was arrested) to conduct an additional investigation without reasonable suspicion or probable cause.

49. Defendants Eller, Skvarek, Reed, Rodgers and Borman violated plaintiffs' civil rights by seizing them without probable cause or reasonable suspicion.

50. Defendants Eller, Skvarek, Reed, Rodgers and Borman violated plaintiffs' civil rights by illegally detaining them at the police station while obtaining and executing a search warrant.

51. Plaintiffs have suffered damages as a result of defendants conduct.

52. No reasonable police officer would have engaged in the clearly unconstitutional conduct exhibited by Defendants.

53. Defendants Eller, Skvarek, Reed, Rodgers and Borman acted in reckless disregard and/or complete indifference of Plaintiffs' rights.

54. Upon information and belief, defendants felt free to violate plaintiffs' civil rights because plaintiffs are African American.

55. Plaintiffs are entitled to an award of punitive damages against each defendant.

**WHEREFORE**, Plaintiff prays that this Court enter judgment for the Plaintiffs and against the Defendants and grant:

 A. compensatory and consequential damages for the violation of Plaintiffs' civil rights, including damages for emotional distress, humiliation, and other pain and suffering allowed by law in an amount to be determined at trial;

 B. punitive damages on all claims allowed by law against Defendant and in an amount to be determined at trial;

 C. this court's declaration that defendants violated plaintiffs' civil rights;

 D. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, on all claims allowed by law; and,

 E. any further relief that this court deems just and proper, and any other appropriate relief at law and equity

### JURY DEMAND

1. Plaintiff demands a jury trial on all issues.

Dated this 7st day of May 2022.

                                        BIHN & McDANIEL, P.L.C.

/s/ Martin A. Bihn

_____

Martin A. Bihn